UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-62004-SMITH/VALLE

EUGENE WILLIAMS,

    Plaintiff,

v.

JANICE M. RILEY, INC.
d/b/a THE PAVING LADY,

    Defendant.

_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION TO DISTRICT JUDGE

This Supplemental Report and Recommendation fully incorporates the initial Report and Recommendation filed on December 10, 2019 (ECF No. 18) (the "Initial R&R").

### I. BACKGROUND

On November 21, 2019, Plaintiff filed a Notice of Acceptance of Defendant's Offer of Judgment. *See* (ECF No. 15) (the "Notice"). Thereafter, on December 9, 2019, Plaintiff filed a Motion for Entry of Final Judgment (ECF No. 17) (the "Motion for Judgment"). *See* Initial R&R at 1, 2. On December 10, 2019, the undersigned entered the Initial R&R, recommending that the Court reserve ruling on the Notice and deny the Motion for Judgment without prejudice pending the parties filing supplemental information. *Id.* at 1, 6. On April 6, 2020, the District Judge adopted the Initial R&R. *See* (ECF No. 23). Thereafter, on April 13, 2020, Plaintiff filed a Supplement to the Motion for Entry of Final Judgment (ECF No. 24) (the "Supplement").

## II. DISCUSSION

Before the Court can approve a settlement of the FLSA claims, the court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).[1] This is so even when a plaintiff accepts an offer of judgment under Federal Rule of Civil Procedure 68. *See generally* Initial R&R.

Here, the Court has considered the above factors, the overall strengths and weaknesses of the parties' respective positions, and Plaintiff's representation that the amount of the Offer of Judgment "adequately compensates both Plaintiff's wages and liquidated damages." (ECF No. 24 at 1). Plaintiff further represents that "the cost, risk, uncertainty, time, expense, delay, and distraction of continued litigation," along with the amount of Plaintiff's recovery,[2] is a fair and reasonable compromise. (ECF No. 24 at 2). This all weighs in favor of approving the Offer of Judgment.

Nevertheless, the parties disagree on whether the Offer of Judgment includes attorney's fees and costs, one of the many considerations in evaluating an FLSA settlement. *Compare* (ECF Nos. 24 at 3-7, 26) *with* (ECF No. 25 at 2-5). Notably, however, "[a]mbiguity in a Rule 68 offer is construed against the drafter." *Allen v. City of Grovetown*, 681 F. App'x 841, 844 (11th Cir.

---

[1] In reviewing a settlement, courts consider several factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. S. Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010).

[2] Plaintiff represents that the Offer of Judgment represents 74% of his total claim. (ECF No. 24 at 2).

2017).  Here, the Offer of Judgment was at least ambiguous and, therefore, the court can properly read the offer to exclude attorney's fees.  *Allen*, 681 F. App'x at 844 (noting that ambiguity in the offer of judgment resulted in exclusion of attorney's fees from the offer); *see also Patel v. Shah*, No. 5:15-CV-01959-MHH, 2018 WL 741370, at *4 (N.D. Ala. Feb. 7, 2018) (finding that an offer of judgment does not include fees even where the offer stated "in complete resolution of all claims stated by [plaintiff]").

Accordingly, based on a review of the record, the Notice, the Supplement, Defendant's Response to the Supplement (ECF No. 25), and Plaintiff's Reply (ECF No. 26), the undersigned finds that—notwithstanding that attorney's fees should be excluded from the Offer of Judgment due to the ambiguity on that issue—the Offer of Judgment to Plaintiff Eugene Williams remains a fair and reasonable compromise of a bona fide FLSA dispute between Plaintiff and Defendant. Plaintiff has also affirmed his acceptance of the Offer of Judgment.  *See* (ECF No. 15).

### III. <u>RECOMMENDATION</u>

For the reasons set forth above, the undersigned respectfully recommends that the Court:

(i) **APPROVE** the acceptance of the Offer of Judgment by Plaintiff;

(ii) **GRANT** Plaintiff's Motion for Judgment and separately **ENTER JUDGMENT** in accordance with Rule 68; and

(iii) **RESERVE** jurisdiction to award attorney's fees and costs under the FLSA and/or Rule 68.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND ORDERED at Chambers, in Fort Lauderdale, Florida on November 13, 2020.

*Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
All Counsel of Record