UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-62004-SMITH/VALLE

EUGENE WILLIAMS,

    Plaintiff,

v.

JANICE M. RILEY, INC.
d/b/a The Paving Lady,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff's Verified Motion for Attorney's Fees and Costs (ECF No. 32) (the "Motion") and Bill of Costs (ECF No. 33). Attorney Elliot Kozolchyk, of Koz Law, P.A. ("Counsel"), represented Plaintiff in connection with Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 216 (the "FLSA"). United States District Judge Rodney Smith has referred the Motion to the undersigned for appropriate resolution. (ECF No. 40).

Accordingly, having reviewed the Motion, Response (ECF No. 36), Reply (ECF No. 38), and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **GRANTED IN PART**. As discussed below, the undersigned recommends that Plaintiff be awarded **$14,137.50** in fees and **$465** in costs.

### I.     BACKGROUND

The background and history of this case have been summarized in the Court's prior Reports and Recommendations, which where adopted by the District Judge and are incorporated by reference. *See* (ECF Nos. 18, 23, 27, 28). In relevant part, in August/September 2019, Plaintiff filed a Complaint and Statement of Claim estimating his unpaid overtime wages at $1,868.30 in

damages (which doubled to $3,736.61 when adjusted for liquidated damages). (ECF Nos. 1-3 and 6-1). On November 8, 2020, Defendant served Plaintiff with an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68, which offered to "allow Judgment to be entered against [Defendant] in this action in the amount of $2,750.00 . . . ." (ECF No. 15-1) (the "Offer of Judgment"). On November 21, 2020, Plaintiff accepted Defendant's Offer of Judgment. (ECF No. 15).

In determining: (i) whether the Offer of Judgment was a reasonable compromise; and (ii) whether it included attorney's fees and cost, the undersigned entered two Recommendations to the District Judge. (ECF Nos. 18, 27). The undersigned ultimately concluded that "the Offer of Judgment to [Plaintiff] remain[ed] a fair and reasonable compromise of a bona fide FLSA dispute between Plaintiff and Defendant." (ECF No. 27 at 3). Nevertheless, "attorney's fees should be excluded from the Offer of Judgment due to the ambiguity on that issue." *Id.* Subsequently, the District Judge adopted the undersigned's Recommendations and entered a Final Judgment in favor of Plaintiff for $2,750 that excluded attorney's fees and costs, which were to be determined at a later date. (ECF Nos. 23, 28, 29). The instant Motion followed.

In the Motion, Plaintiff seeks $14,280 in attorney fees "*plus* supplemental attorney's fees for time expended conferring with Defendant's counsel regarding the relief sought and any time expended litigating Plaintiff's attorney's fees and costs, including preparing Plaintiff's reply to any response filed by Defendant opposing Plaintiff's attorney's fees and costs." (ECF No. 32 at 4) (emphasis added). Plaintiff also seeks $466 in costs. (ECF Nos. 32 at 4, 33).

Defendant objects to Plaintiff's fee request on the grounds discussed below. *See generally* (ECF No. 36). Defendant also requests an evidentiary hearing. *Id.* 5. Based on the record before the Court, the undersigned denies Defendant's request for an evidentiary hearing. Rather, the

2

matter is decided on the record as the Court itself is an expert on attorney's fees and the fee-related dispute has previously been before this Court. *See, e.g., Huntsinger v. Roadway Specialty Devices, Inc.*, No. 09-CV-1798-T-33MAP, 2009 WL 4510115, at *2 (M.D. Fla. Dec. 1, 2009) (denying an evidentiary hearing in a fee dispute in FLSA case where court was expert on fees).

## II.    DISCUSSION

### A.    Plaintiff is Entitled to Fees under the FLSA

Under the American Rule, litigants generally are not entitled to an award of attorney's fees for prevailing in litigation unless provided by statute or contact. *See, e.g., In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). Here, the FLSA provides for attorney's fees (and costs) to the prevailing party. 29 U.S.C. § 216(b) ("The court in [an FLSA action] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). In the FLSA context, a "prevailing party" is one who obtains either: (i) a judgment on the merits, or (ii) "a settlement agreement 'enforced through a consent decree.'" *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health and Human Res.*, 532 U.S. 598, 603-04 (2001)). Moreover, acceptance of Rule 68 offer of judgment is an "enforceable judgment" rendering Plaintiff a prevailing party. *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002) ("[A] Rule 68 judgment represents a 'judicially sanctioned change in the relationship between the parties.'").

Although in response to the Motion, Defendant does not object to entitlement of attorney's fees and costs,[1] it does challenge the fees incurred on several grounds. Based on the record, the

---

[1] Defendant objected to Plaintiff's entitlement to attorney's fees during the negotiations prior to the Motion being filed. (ECF No. 32 at 2).

undersigned finds that Plaintiff is entitled to reasonable attorney's fees as a prevailing party resulting from Final Judgment pursuant to Rule 68.

### B. The Lodestar Method of Determining Reasonable Fees

The determination of reasonable attorney's fees under the FLSA "is left to the sound discretion of the trial judge . . . ." *P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 850 (11th Cir. 2019) (quoting *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985)). In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*,

4

548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

### 1. *Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The relevant market is "the place where the case is filed." *Barnes,* 168 F.3d at 437 (internal quotation marks and citation omitted). Here, the relevant legal community is South Florida.

In determining reasonable hourly rates in the relevant legal market, the undersigned may consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).[2] The Court also "'may consider [her] own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303).

Plaintiff seeks an award for the legal services of attorney Kozolchyk, at an hourly rate of $400. *See generally* (ECF No. 32 at 4). Attorney Kozolchyk is the sole shareholder and founder

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

of Koz Law, P.A. (ECF No. 48 at 2 n.1); *see also* State Bar of Florida, Member Profile of Elliot Ari Kozolchyk, https://www.floridabar.org/directories/find-mbr/profile/?num=74791 (last visited August 5, 2021). Attorney Kozolchyk has been practicing for more than 10 years in the area of employment law. (ECF No. 32 at 4 n.4). He graduated from Temple University Beasley School of Law and is a member of the Florida Bar and the Bar of this District. *See* Koz Law, P.A., Attorney Profile of Elliot Kozolchyk, https://www.paychecklawyers.com/attorney-profile (last visited August 5, 2021).

The undersigned has considered the relevant *Johnson* factors, counsel's billing records, and the record in this case. Based on this review, and the Court's own judgment and experience, the Court finds that $375 is a reasonable rate for Counsel's services.[3]

*2. Reasonable Hours Expended*

Having determined the reasonable hourly rate in this case, the undersigned next addresses the reasonableness of the hours expended by Counsel. As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley*, 461 U.S. at 434. That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman,* 836 F.2d at 1301 (quotation marks and citations omitted). Importantly, "if fee applicants do not exercise billing judgment,

---

[3] This Court and other courts in this District have awarded Counsel fees at this rate in similar FLSA cases. *See, e.g., Johnson v. S. Fla. Paving Grp., LLC*, No. 16-CV-62689, 2020 WL 5113592, at *6 (S.D. Fla. Aug. 31, 2020); *Dorisma v. Park One of Fla., LLC*, No. 19-20919-CIV, 2020 U.S. Dist. LEXIS 66100, at *7-8 (S.D. Fla. Apr. 13, 2020); *Philipps v. SC Cap. Ventures, Inc.*, No. 19-62555-CIV, 2020 U.S. Dist. LEXIS 45169, at *6-7 (S.D. Fla. Mar. 13, 2020); *Mehta v. IQLOGG, Inc.*, No. 19-61823-CIV, 2019 U.S. Dist. LEXIS 229182, at *1-2 (S.D. Fla. October 11, 2019); *Figueroa v. Grampas Real Estate Inc.*, No. 18 CV 63083, 2019 U.S. Dist. LEXIS 75348, at *4 (S.D. Fla. May 2, 2019); *see also* (ECF No. 42) (Notice of Previously Awarded Fees).

courts are obligated to do it for them." *Barnes*, 168 F.3d at 428.  The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action.  *Id.* at 427, 432-33.  In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court."  *Norman*, 836 F.2d at 1301.

Counsel requests fees for 35.7 hours of work supported by billing records.  (ECF No. 32-1 at 3).  Defendant argues that Counsel has failed to exercise billing judgment by expending unreasonable, unnecessary, and excessive time on this matter, including: (i) having redundant and duplicative billing; (ii) block-billing; (iii) charging for ministerial/administrative tasks; (iv) seeking a substantially higher hourly rate than other South Florida attorneys; and (v) refusing to resolve the attorney's fees issue in good faith.  (ECF No. 36 at 2, 4).  With the exception of identifying two entries (of 11/26/2019 and 12/9/2019) as evidence of block-billing, Defendant fails to identify any other deficient time entries.  *Id.* 4.  Defendant also compares the hours Counsel allegedly expended on the merits of the case (which Defendant argues is 11.9 hours) versus the hours expended litigating attorney's fees (which Defendant argues is 23.8 hours).  *Id.* at 3.  Defendant, however, again fails to identify the time entries to support this argument.

In reply, Plaintiff asserts that although the case was resolved by Offer of Judgment early in the proceedings, the litigation continued for 15 months on the issue of whether Plaintiff was entitled to attorney's fees and costs.  (ECF No. 38 at 2).  To rebut Defendant's argument that Plaintiff refused to negotiate the issue of attorney's fees in good faith, Plaintiff includes email communications regarding attorney's fees and costs from as far back as December 2019.  *Id.* at 2-3.

The undersigned has also compared the time entries and Defendant's arguments against the record in this case. Here, the record confirms that the litigation regarding attorney's fees and costs commenced in November 2019 (with Plaintiff's Motion for Final Entry of Judgment Pursuant to Defendant's Federal Rule of Civil Procedures Offer of Judgment) (ECF No. 17) and continued through two Reports and Recommendations (entered December 2019 and November 2020) (ECF Nos. 18, 27), resulting in a Final Judgment (entered in December 2020) (ECF No. 29). Thus, Defendant's arguments notwithstanding, "fees on fees" are recoverable in FLSA cases. *See Touzout v. Am. Best Car Rental KF Corp.*, No. 15-61767-CIV, 2017 WL 5957664, at *9 (S.D. Fla. Nov. 30, 2017) (citing *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010)). Thus, the undersigned is unpersuaded by Defendant's other objections.[4]

That said, the disparity between Plaintiff's initial unliquidated claim (of $1,868.30) and the resulting Offer of Judgment ($2,750), with the legal fees incurred in these proceedings (more than $14,000) is not lost on the Court. *See, e.g., Johnson*, 2020 WL 5113592, at *7 (reducing Counsel's fees by 35% based on disproportionate amount of legal fees to amount of claim involved). Nevertheless, the record reflects that the additional fees were largely incurred because of Defendant's continuing challenge to Plaintiff's entitlement to attorney's fees in the context of a Rule 68 Offer of Judgment. Accordingly, under the facts of this case, the undersigned finds that

---

[4] For example, undersigned is unpersuaded by Defendant's challenge to alleged block-billing. (ECF No. 36 at 4). In reply to this argument, Plaintiff sufficiently explains the chronology and times of the emails exchanged on November 26 and December 9, 2019 to support the time incurred. (ECF No. 38 at 8-10).

8

the hours expended by Counsel are reasonable without reduction. Thus, Plaintiff should be awarded fees for 35.7 hours expended by Counsel.[5]

In sum, Plaintiff should be awarded **$14,137.50** in attorney's fees (for 37.7 hours at the reduced rate of $375/hr).

### C. Costs

Under 29 U.S.C. § 216(b), reasonable costs are recoverable. The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, but the Court may not tax as costs anything not authorized by the statute. *See, e.g., Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Here, Plaintiff requests reimbursement of $466 for costs incurred for filing ($400) and service of process fees ($66). *See* (ECF No. 33).

Pursuant to 28 U.S.C. § 1920(1), the $400 fee for filing the Complaint is recoverable. Additionally, 28 U.S.C. § 1920(1) permits the court to award fees for private service of process, so long as they do not exceed the fees permitted by the statute. *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009). The Court is guided by the statutory limits set forth in 28 C.F.R. § 0.114, which provides that fees charged by the United Sates Marshals Service for personal service of process are $65 per hour. *See also Monelus*, 609 F. Supp. 2d at 1333. Consequently, the undersigned recommends that Plaintiff be awarded $65 for service of process, for a total of $465 in costs.

---

[5] Additionally, although "[l]awyers should not be compensated for turning the litigation about attorneys' fees into a 'second major litigation,'" *see Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (citation omitted), the undersigned recommends that Plaintiff be awarded fees for the time expended by Counsel in preparing Plaintiff's reply (ECF No. 38). (ECF No. 32 at 4). In particular, the Reply shed light on Counsel's conferral efforts regarding his fees and explained the billing entries challenged as block billing. Accordingly, based on the undersigned's judgment and experience, the undersigned recommends that Counsel be awarded fees for 2 additional hours expended on the Reply.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Verified Motion for Attorney's Fees and Costs (ECF No. 32) and Bill of Costs (ECF No. 33) be **GRANTED IN PART**. Counsel should be awarded a **$14,137.50** in attorney's fees and **$465** in costs.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on August 5, 2021.

                                              ALICIA O. VALLE
                                              UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
     All Counsel of Record